IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JENNIFER BECKHAM                                                                                         PLAINTIFF

vs.                                            Civil No. 4:19-cv-04070

COMMISSIONER, SOCIAL                                                                              DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Jennifer Beckham ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on September 28, 2017.  (Tr. 16).  In

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These references are to the page number of the transcript itself not the ECF page number.

1

this application, Plaintiff alleges being disabled due to PTSD, schizoaffective disorder, and bipolar disorder. (Tr. 212). Plaintiff alleges an onset date of November 16, 2014. (Tr. 16). This application was denied initially and again upon reconsideration. (Tr. 102-103). Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 36-70, 132-133).

On February 14, 2019, the ALJ held an administrative hearing. (Tr. 36-70). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Audrey Yarborough testified at this administrative hearing. *Id.* During this hearing, Plaintiff testified she was forty-four (44) years old. (Tr. 43). Such an individual is defined as a "younger individual" pursuant to 20 C.F.R. § 404.1563(c) on her alleged onset date. Plaintiff also testified she had only completed the eighth grade in school. (Tr. 43).

On February 28, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 16-26). The ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2017. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her alleged onset date of March 4, 2017 through her date last insured of December 31, 2017. (Tr. 18, Finding 20).

Through her date last insured, the ALJ determined Plaintiff had the following severe impairments: schizoaffective disorder; bipolar type; anxiety disorder; posttraumatic stress disorder; polysubstance abuse; degenerative joint disease (DJD) in her knees; and obesity. (Tr. 18-19, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment

2

or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-20, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 20-24, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except occasionally climb ladders/ropes/scaffolds. Can understand, remember, and carry out 2-3 step tasks with short, simple instruction. Can make simple work-related decisions or judgments. Can tolerate few workplace changes. Can sustain attention for up to two-hour blocks of time without requiring redirection to task and any time off task can be accommodated by normal breaks. Frequent interaction with co-workers and supervisor, and occasional interaction with public. The claimant is limited to "low stress" tasks, defined as work not performed at a high production pace or requiring strict production quotas and work not involving negotiation, conflict resolution, directing the work of others, or being responsible for the safety of others.

*Id.*

The ALJ found Plaintiff had no Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ then considered whether Plaintiff had the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24-25, Finding 10). The VE testified at the administrative hearing regarding her ability to perform other occupations. *Id.* Specifically, the VE testified Plaintiff retained the capacity to perform work at the following occupations: (1) meat clerk (medium, unskilled) with 115,649 such jobs nationally; (2) kitchen helper (medium, unskilled) with 378,423 such jobs nationally; (3) hospital cleaner (medium, unskilled) with 79,189 such jobs nationally; (4) merchandise marker (light, unskilled) with 463,578 such jobs nationally; (5) housekeeper cleaner (light, unskilled) with 250,887 such jobs nationally; and (6) cafeteria

attendant (light, unskilled) with 142,100 such jobs nationally. (Tr. 25). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not disabled at any time from March 4, 2017 (alleged onset date) through December 31, 2017 (date last insured). (Tr. 25, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-6). The Appeals Council denied this request on May 29, 2019. *Id.* Thereafter, on June 19, 2019, Plaintiff appealed her administrative case to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 20, 2019. ECF No. 5. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 15, 18.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents

the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ improperly assessed her physical RFC; (2) the ALJ improperly assessed her mental RFC; and (3) the ALJ erred in assessing her subjective complaints. ECF No. 15. Because the Court finds the ALJ erred in assessing her subjective complaints, the Court will only address Plaintiff's third argument for reversal.

The Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

6

as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a full consideration of the *Polaski* factors. (Tr 16-26).  In her opinion, the only *Polaski* factor the ALJ considered was Plaintiff's daily activities.  *Id.*  Those daily activities included, for example, traveling by bus three times a year to visit her daughter, being unable to drive and go out alone, enjoying cooking when she can but mostly being unable to cook, and being able to form and maintain friendships.  (Tr. 22-23).  Such activities can hardly be characterized as extensive or indicate Plaintiff is able to work on a full-time basis in a competitive occupation.

Instead of fully considering the *Polaski* factors, the ALJ provided the following routine statement:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision.

(Tr. 21).

Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective complaints. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and credibility analysis are not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE