IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JENNIFER BECKHAM                                                                                    PLAINTIFF

vs.                                               Civil No. 4:19-cv-04070

COMMISIONER, SOCIAL
SECURITY ADMINISTRATION                                                                DEFENDANT

### ORDER

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 21.  Defendant has responded to this Motion and objects to this Motion.  ECF No. 22.  Specifically, Defendant claims 0.7 hour is not compensable under EAJA.  *Id.*

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.  Pursuant to this authority, the Court issues this Order.

**1.      Background:**

On June 19, 2019, Jennifer Beckham ("Plaintiff") appealed to the Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On May 7, 2020, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF Nos. 19-20.

On July 15, 2020, Plaintiff filed this Motion.  ECF No. 21.  In this Motion, Plaintiff requests an award of $3,959.20.  *Id.*  This includes 20.2 hours of attorney time for work performed in 2019

and 2020 at an hourly rate of $196.00.  *Id.*  Defendant has responded to Plaintiff's Motion and only objects to 0.7 hour which he claims is not compensable under EAJA.  ECF No. 22.

**2.** **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.  Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 19-20. Defendant does not contest Plaintiff's claim that she is the prevailing party and generally does not oppose her application for fees under the EAJA. ECF No. 22. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $3,959.20. ECF No. 21. This includes 20.2 attorney hours at an hourly rate of $196.00 for work performed in 2019 and 2020. *Id.* Defendant has responded to this Motion and only objects to 0.7 hour which he claims is not compensable under the EAJA. ECF No. 22.

This attorney hourly rate is authorized by the EAJA as long as the CPI-South Index justifies such an enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, the Court finds the CPI-South Index authorizes $196.00 for work performed in 2019 and 2020. Thus, the Court awards that hourly rate.

As for Plaintiff's requested hours, Plaintiff seeks 20.2 attorney hours for work performed in 2019 and 2020. ECF No. 21. Of these amounts, Defendant objects to 0.7 hour, claiming that the work was "pre-complaint work" which is not compensable under EAJA. ECF No. 22. Upon review of this entry, the Court finds Defendant's claim has no merit, and Plaintiff is entitled to this time.

As a final point, *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 560 U.S. 586 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.    Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$3,959.20** pursuant to the EAJA, 28 U.S.C. § 2412. This includes 20.2 hours at an attorney hourly rate of $196.00 for work performed in 2019 and 2020.

**ENTERED this 7th day of August 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE